IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Darrell Miller, ) | C/A No.: 1:21-3430-MGL-SVH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| Aiken County Sheriff; Detective ) | ORDER AND NOTICE |
| Stephen M. Havasy, Sr.; and Aiken ) | |
| County Detention Center, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Darrell Miller ("Plaintiff"), proceeding pro se, filed this complaint pursuant to 42 U.S.C. § 1983 against Aiken County Sheriff, Detective Stephen M. Havasy, Sr., and Aiken County Detention Center ("ACDC") (collectively "Defendants"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge.

I.   Factual and Procedural Background

Plaintiff alleges he was arrested on October 18, 2019, by Detective Havasy. [ECF No. 1 at 6]. He alleges Havasy called him a "crackheaded bum." *Id.* at 5. He alleges Havasy should have taken the victim's DNA, which he claims would have cleared his name. *Id.* He alleges Havasy lacked probable

cause to arrest him and knew "the affidavit was untrue or made recklessly without proper regard for the truth." *Id.* at 4.

Plaintiff also claims the ACDC has failed to protect him by forcing him to live in overcrowded cells, with lack of medical care and failure to provide adequate access to the law library. He claims that on November 19, 2019, he was stepping over an inmate and slipped on some water that had been leaking from a sink for months. *Id.* at 6. He states he hit the back of his head when he fell against the wall. *Id.* at 8. He said he was provided a pain pill that did not ease his pain. Although Plaintiff admits he was provided a cat scan at the local hospital "that came back good, he also states he can't sleep on the back of his head and his left arm and fingers feel numb at night. *Id.* He claims he has been without medicine for his nerve pain because the ACDC does not allow it. *Id.* at 7.

II.     Discussion

    A.     Standard of Review

Plaintiff filed his complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A

finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear a plaintiff must do more than make conclusory statements to state a

3

claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

    B.    Analysis

        1.    Only persons may be sued pursuant to § 1983

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). In this case, Plaintiff sues ACDC as a defendant. However, ACDC is not a "person" subject to suit under § 1983. A sheriff's department, detention center, or task force is a group of officers or buildings that is not considered a legal entity subject to suit. *See Harden v. Green*, 27 F. App'x 173, 178 (4th Cir. 2001) (finding that the medical department of a prison is not a person pursuant to § 1983); *see also Post v. City of Fort Lauderdale*, 750 F. Supp. 1131 (S.D. Fla. 1990) (dismissing city police department as improper defendant in § 1983 action because not "person" under the statute); *Shelby v. City of Atlanta*, 578 F. Supp. 1368, 1370 (N.D. Ga. 1984) (dismissing police department as party

defendant because it was merely a vehicle through which city government fulfills policing functions). Accordingly, ACDC is subject to summary dismissal.

2.   No personal allegations against Aiken County Sheriff

Plaintiff's complaint contains no factual allegations against the Aiken County Sheriff. To the extent the Aiken County Sheriff is sued only in his capacity as Sheriff, Plaintiff has failed to state a claim under § 1983. The doctrine of supervisory liability is generally inapplicable to § 1983 suits, such that an employer or supervisor is not liable for the acts of his employees, absent an official policy or custom that results in illegal action. *See Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978); *Fisher v. Washington Metro. Area Transit Authority*, 690 F.2d 1133, 1142–43 (4th Cir. 1982). The Supreme Court explains that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see Slakan v. Porter*, 737 F.2d 368, 372–74 (4th Cir. 1984) (finding officials may be held liable for the acts of their subordinates, if the official is aware of a pervasive, unreasonable risk of harm from a specified source and fails to take corrective action as a result of deliberate indifference or tacit authorization). Accordingly, Aiken County Sheriff is subject to summary dismissal.

### 3. Conclusory and Vague Allegations

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79. Although Plaintiff alleges Havasy arrested him without probable cause and allowed improper information on the affidavit,[1] these are legal conclusions and are insufficient standing alone to state a claim showing Plaintiff is entitled to relief. Therefore, it appears Havasy is entitled to summary dismissal.

---

[1] It appears from a case records search that a grand jury returned true bills on his pending criminal charges on September 9, 2021. https://publicindex. sccourts.org/Aiken/PublicIndex/CaseDetails.aspx?County=02&CourtAgency =02001&Casenum=2019A0210700303&CaseType=C&HKey=8011450117431 081011151138786876951103981098770119103861141225289898171105471091131205311510111711998865785 (last visited November 1, 2021). A court may take judicial notice of factual information located in postings on government websites. *See Philips v. Pitt Cnty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (finding that court may "properly take judicial notice of matters of public record").

6

## NOTICE CONCERNING AMENDMENT

Plaintiff may attempt to correct the defects in his complaint by filing an amended complaint by **November 22, 2021**, along with any appropriate service documents. Plaintiff is reminded an amended complaint replaces the original complaint and should be complete in itself. *See Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect.") (citation and internal quotation marks omitted). If Plaintiff files an amended complaint, the undersigned will conduct screening of the amended complaint pursuant to 28 U.S.C. § 1915A.  If Plaintiff fails to file an amended complaint or fails to cure the deficiencies identified above, the undersigned will recommend to the district court that the claims specified above be dismissed without leave for further amendment.

IT IS SO ORDERED.

November 1, 2021                                    Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge